**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DONALD J. COON,

                                Plaintiff,

            - v -                                       Civ. No. 1:13-CV-553
                                                               (GLS/RFT)

SOUTHWESTERN VERMONT MEDICAL CENTER;
JOANNE M. BECKER; and JAMES A. LOMBARDO & FIRM,

                                Defendants.
_____

**APPEARANCES:**                        **OF COUNSEL:**

DONALD J. COON
Plaintiff, *Pro se*
103 County Route 71
Cambridge, New York 12816

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      On May 13, 2013, *pro se* Plaintiff Donald Coon filed a Complaint with the Clerk of the United States District Court against the Southwestern Vermont Medical Center, Joanne M. Becker, and James A. Lombardo & Firm. Dkt. No. 1, Compl. He also submitted a Motion for Leave to Proceed *in Forma Pauperis* ("IFP"). Dkt. No. 2.

      In his Complaint, Coon accuses Defendant Joanne Becker of brutally assaulting Coon's mother, Joan M. Hunt, leaving her for dead. When Ms. Hunt survived the assault, Becker allegedly suffocated her while she was receiving treatment in a hospital in Vermont. Coon claims that Becker targeted Ms. Hunt for financial gain and he is seeking to recover against her for wrongful death. Coon further claims that the Defendant Hospital was negligent in hiring and training one of their

employees,[1] was negligent in administering care to Ms. Hunt, and failed to keep her safe from harm. Finally, Plaintiff asserts that Defendant James A. Lombardo interfered with a contract when he apparently advised State Farm Insurance employees that they did not have to honor a contract when one of the parties to that contract is deceased. Plaintiff states that he brings this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Turning first to Plaintiff's Application to Proceed IFP, after reviewing the file, the Court finds that Plaintiff has shown sufficient economic need such that his request is **granted**. However, our review does not end there.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of

---

[1] Coon claims that his cousin, Shane Elizabeth Coon Pritoric, was Ms. Hunt's nurse while at the hospital and that she was not properly trained for that position.

a State or of different States.
28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)). Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the Complaint, Coon provides a Cambridge, New York address for himself. With regard to each Defendant, Coon notes that the Medical Center is located in Bennington, Vermont, Defendant Becker is at a prison halfway house located in Troy, New York, and Defendant Lombardo is in Amsterdam, New York.

The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted). Here, we do not have complete diversity because two of the Defendants are citizens of the same State as Plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (noting that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Because Plaintiff has failed to establish the basis for the Court's subject matter jurisdiction, dismissal is mandated.

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed IFP (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the Plaintiff's Complaint (Dkt. No. 1) be **dismissed** for failure to establish subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 18, 2013
 Albany, New York

Randolph F. Treece
U.S. Magistrate Judge